[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14806
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-20991-JAL

ANDREW D. MARSHALL,

Plaintiff - Appellant,

versus

FEDERAL BUREAU OF PRISONS,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 22, 2014)

Before TJOFLAT, FAY, and COX, Circuit Judges.

PER CURIAM:

We review de novo Andrew Marshall's challenge on this appeal to the district court's summary judgment on his claim that the Federal Bureau of Prisons ("Bureau") failed to honor his dietary requests in violation of the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. §2000bb-1.  We affirm.

Marshall is a professed Buddhist and a Bureau inmate.  RFRA prevents the Bureau from substantially burdening Marshall's exercise of religion except in the least restrictive furtherance of a compelling governmental interest.  Exercise of religion includes dietary habits and restrictions.  Once a prisoner satisfies his burden of producing evidence that the Bureau is burdening his sincere exercise of religion, the Bureau must persuade the court that it is doing so in the least restrictive furtherance of a compelling governmental interest.  Failing the Bureau's discharge of that ultimate burden of proof, the prisoner is entitled to relief.

Marshall failed to produce evidence that *Buddhism* required his dietary demands.  He failed to produce evidence that the Bureau substantially burdened his exercise *of religion*, rather than his satisfaction of *personal* dietary preferences.  Consequently, the Bureau was not required to prove ultimately that its undisputed dietary accommodations to Marshall served a compelling governmental interest in the least restrictive manner.[1]

---

[1] Marshall's *Bivens* claims under the First and Eighth Amendments, assuming he has stated any (the district court assumed he had not), rise and fall with his RFRA claim.  Separately addressing them is unnecessary.

2

The district court did not err in granting summary judgment.

**AFFIRMED.**